**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dongui Zhu, | No. CV-26-01734-PHX-JJT (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 13, "R&R") entered in this matter by United States Magistrate Judge Camille D. Bibles recommending that the Court grant the Petition for a Writ of Habeas Corpus (Doc. 1). In the R&R, Judge Bibles advised the parties that they "shall have seven (7) days from the date this [R&R] is docketed to file specific written objections with the Court" and "[f]ailure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues." (R&R at 16.) The R&R was docketed on June 8, 2026. More than a month has elapsed since entry of the R&R on the docket and no party has filed any objection. The Court is therefore entitled under *United States v. Reyna-Tapia,* 328 F.3rd 1114, 1121 (9th Cir. 2003) to accept the R&R and deem all parties to have waived their right of de novo review of these issues. The Court nonetheless conducted an independent review of the R&R, the law and reasoning upon which it relies, and the cases cited and arguments raised in the parties' briefing.

The Court adopts the R&R in whole, including Judge Bibles's discerning of the application of *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2022) and *Jennings v. Rodriguez*, 583 U.S. 281 (2018) to this issue. Judge Bibles correctly concluded that Petitioner has a constitutional due process right to a bond hearing when prolonged mandatory detention pending finality of removal proceedings goes too long, and that under either the test set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117 (W.D. Wash. 2019) or that set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), eighteen months meets that mark. The Court thus will order an individualized bond hearing where Respondents must demonstrate by clear and convincing evidence that Petitioner is either a flight risk or a danger. The Court rejects at this point Petitioner's argument that an immigration judge simply by virtue of their employment within the executive branch is incapable of following the Court's directive to execute a bond hearing and apply the burdens as set forth.

**IT IS ORDERED** adopting in whole the R&R in this matter (Doc. 13).

**IT IS FURTHER ORDERED** granting the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Within seven days of entry of this Order, Respondents shall either release Petitioner on appropriate conditions or provide Petitioner with an individualized bond hearing before an immigration judge, at which hearing the government shall bear the burden of establishing by clear and convincing evidence that continued detention is justified by flight risk and or danger to the community.

**IT IS FURTHER ORDERED** that the government shall file a status report with the Court regarding the bond hearing and whether Petitioner was released within **14 days** of the date of this Order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

Dated this 14th day of July, 2026.

Honorable John J. Tuchi
United States District Judge

- 2 -